```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

WANDA BECHTELHEIMER and ALLEN
BECHTELHEIMER,

              Plaintiffs,
vs.                           CASE NO.: 8:10-cv-2114-T-33TGW

CONTINENTAL AIRLINES, INC.,

              Defendant.
_____/

**<u>ORDER</u>**

This matter is before the Court pursuant to the Bechtelheimers' Motion to Remand (Doc. # 5), which was filed on September 30, 2010, and Continental Airlines, Inc.'s Response in Opposition (Doc. # 10), which was filed on October 18, 2010. For the reasons that follow, the Court denies the Motion to Remand.

    **I.**    **<u>Background and Summary of the Arguments</u>**

Ms. Bechtelheimer alleges that she tripped and fell while disembarking from a Continental Airlines flight at the Tampa International Airport on February 18, 2009. (Doc. # 2). On July 1, 2010, the Bechtelheimers filed an action in state court against Continental Airlines alleging negligence and loss of consortium. The Bechtelheimers allege in the complaint that their damages "exceed $15,000.00." (Doc. # 2

1

at ¶ 6). The Bechtelheimers served Continental Airlines with process on July 12, 2010. Continental Airlines filed its answer on August 10, 2010, and served the Bechtelheimers with discovery requests on August 11, 2010. On September 14, 2010, the Bechtelheimers served interrogatory answers that, for the first time since the action was initiated, indicated that the amount in controversy exceeds $75,000.00. Thereafter, on September 22, 2010, Continental Airlines removed the action to this Court on the basis of diversity of citizenship.

The Bechtelheimers now move for an order of remand arguing that: (1) the notice of removal was untimely filed; (2) Continental Airlines "waived" its right to remove by engaging in discovery and by filing and answer in state court; and (3) diversity of citizenship will be destroyed due to the Bechtelheimers' intentions to later join a non-diverse defendant.

## II. Legal Standard

A defendant may remove a case filed in state court to federal court "if the district courts of the United States have original jurisdiction." 28 U.S.C. Section 1441(a). Original jurisdiction may be established if there is complete diversity of citizenship among the parties and the amount in

controversy exceeds $75,000. Id. In removal cases, the burden of proving any jurisdictional fact rests upon the defendant. See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

"Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts." Total Fleet Solutions, Inc. v. Nat. Crime Ins. Bureau, 612 F. Supp. 2d 1232, 1234 (M.D. Fla. 2009). Furthermore, a plaintiff's right to choose his forum carries more weight than a defendants right to remove. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Id. (citations omitted). A defendant's burden of proof is therefore a heavy one. Id.

In determining whether the jurisdictional minimum has been met, the court must review the amount in controversy at the time of removal. Pease v. Medtronic, Inc., 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998). If the plaintiff claims damages beneath this threshold, the defendant must prove to a legal certainty that the amount in controversy actually exceeds $75,000. Id. at 1356-1357.

If the plaintiff does not specify damages, a lower burden of proof applies. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir. 1996) (overruled on other grounds by Office Depot v. Cohen, 204 F.3d 1069 (11th Cir. 2000)). In such a case, the preponderance of the evidence standard applies. Id. at 1356-57.

An action that is not removable based upon the initial pleadings may become removable on the basis of a copy of an amended pleading, motion, order, or other paper. Lowery v. Ala. Power Co., 483 F.3d 1184, 1212 (11th Cir. 2007) (citing 28 U.S.C. Section 1446(b)). The defendant must file a notice of removal within thirty days of receiving such a document supporting removal, and the court must determine whether the document and notice clearly establish jurisdiction. Id. at 1213.

### III. Analysis

As noted, the Bechtelheimers assert that remand is required because: (1) the notice of removal was untimely filed; (2) Continental Airlines waived its right to remove; and a non-diverse defendant may be joined in the future. The Court will address each argument below.

#### A. Timeliness

The Court rejects the Bechtelheimers' argument that the

notice of removal was untimely filed. The complaint showed no indication that the amount in controversy exceeded the jurisdictional threshold of $75,000.00. On the face of the complaint, the Bechtelheimers alleged damages in excess of $15,000.00. It was not until Continental Airlines received the Bechtelheimers' discovery responses that Continental Airlines had a basis for removal. Specifically, on September 14, 2010, the Bechtelheimers indicated that their medical expenses had reached $88,910.55, and were continuing to grow. (Doc. # 1-7). The Bechtelheimers also claimed substantial lost wages.

Continental Airlines filed its notice of removal on September 22, 2010, which was well within thirty days of receiving the aforementioned discovery responses. Thus, Continental Airlines' notice of removal was timely filed under the requirements of Lowrey, 483 F.3d at 1213-15, and the Bechtelheimers' arguments to the contrary are incorrect and non-persuasive. Accordingly, the motion to remand is denied to the extent that it asserts that the notice of removal was untimely filed.

**B. Waiver**

The Bechtelheimers assert: "Defendant served both an answer and paper discovery in state court. Both by defending

5

the suit and by engaging in discovery in state court, Defendant waived removal." (Doc. # 5 at 7).

Upon due consideration, the Court rejects the Bechtelheimers' argument that Continental Airlines waived its right to remove this case by conducting discovery and filing an answer in state court. In <u>Cruz v. Lowe's Home Centers, Inc.</u>, Case No. 8:09-cv-1030, 2009 U.S. Dist. LEXIS 66146 (M.D. Fla. July 21, 2009), the court was presented with a similar waiver argument and flatly rejected it. There, the court ruled that a party cannot waive removal by defending in state court before the basis for removal existed: "a party cannot waive a right that it does not yet have." <u>Id.</u> at *8.

This Court reaches a similar conclusion. In this Circuit, pre-removal discovery is permitted to ascertain, among other things, amount in controversy information. In addition, Continental Airlines' action of filing an answer to the complaint is not an indication of waiver. "In order to waive the right of removal, a defendant must proceed in state court despite having notice of its right to remove the case." <u>Cruz</u>, at *9 (internal citation omitted). Continental Airlines' actions of answering the complaint and serving discovery upon the Bechtelheimers happened prior to having the right of removal. It is therefore axiomatic that such conduct did not

cause a waiver of the right to remove. This Court is not persuaded by the waiver argument and denies the motion to remand to the extent that it is based on waiver.

### C.    Non-Diverse Defendant

Finally, the Bechtelheimers contend that remand is required because they intend to add a non diverse defendant, the Hillsborough County Aviation Authority, in January 2011. As stated by Continental Airlines, this argument "is quite prospective in nature in that, in essence, it would require the Court to remand the case now because, at some future date, Plaintiffs may move for leave to amend their complaint to name a non-diverse defendant." (Doc. # 10 at 11).

After carefully scrutinizing the Bechtelheimers' argument concerning the suggestion of a possible future joinder of a non-diverse defendant, the Court determines that such argument is premature. The Bechtelheimers have not yet sought leave to amend their complaint to add the Hillsborough County Aviation Authority. It would be improper to remand the case upon the mere suggestion that a non-diverse defendant may later be named in this suit. Accordingly, the Court denies the motion to remand on the basis of a possible amendment of the complaint.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Bechtelheimers' Motion to Remand (Doc. # 5) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of December 2010.

                                                VIRGINIA M. HERNANDEZ COVINGTON
                                                UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record